IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROBERT STEVENS,
   Plaintiff,     )
v.            )  No. 3:17-CV-2091-B
             )
D. HILL,         )
   Defendant.     )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.

Plaintiff is a state prisoner and has filed this complaint under 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Hutchins State Jail Officer D. Hill. The Court has not issued process pending judicial screening.

Plaintiff states he was found guilty of "trafficking and trading" in Hutchins State Jail disciplinary case number 20170184162. As a result, Defendant placed a forfeiture hold on Plaintiff's prison trust fund account for $375. Plaintiff claims he was not guilty of trafficking and trading, but instead the money in his account was a gift from friends. He seeks cancellation of the forfeiture.

### II.

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That

section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III.

Plaintiff was found guilty of trading and trafficking after another inmate's mother made deposits into Plaintiff's trust fund account in violation of jail policies. A hold was placed on Plaintiff's inmate trust account, and a hearing was held on the disciplinary case. (ECF No. 3 at 9.) Plaintiff states he was found guilty of the disciplinary offense and lost thirty days of recreation, commissary and phone privileges. He states a forfeiture hold was also placed on his

trust account in the amount of $375. He filed a grievance stating that he was not appealing his disciplinary conviction, but he wanted the $375 forfeiture rescinded. (*Id*.)

The deprivation of a prisoner's property by an official rule or policy implicates the Due Process Clause of the Fourteenth Amendment. *Parratt v. Taylor,* 451 U.S. 527, 537 (1981) (overruled in part on other grounds). A prisoner is entitled to minimal due process safeguards, which are balanced against "legitimate penological interests." *Henson v. Bureau of Prisons,* 213 F.3d 897, 898–99 (5th Cir. 2000). Among these are the rights to have advance written notice of the violation, to call witnesses and present documentary evidence in defense, and to be given a written statement of the factfinder as to the evidence relied on and the reasons for disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539, 564–66, 94 (1974). Further, "some evidence" must support the ruling. *Henson,* 213 F.3d at 898. However, prison official may limit the evidence a prisoner can present for legitimate reasons, such as "avoiding burdensome administrative requirements that might be susceptible to manipulation." *Id.* Also, courts may not retry the prison disciplinary hearing but may only act if arbitrary or capricious action is shown. *Reeves v. Pettcox,* 19 F.3d 1060, 1062 (5th Cir.1994).

Here, the grievance response submitted by Plaintiff states that a hearing a was held on the disciplinary charge. Plaintiff has also not alleged that he was denied any of the procedural requirements of due process. He has therefore failed to state a constitutional violation as required under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (stating § 1983 requires that plaintiffs show the deprivation of a right secured by the Constitution and laws of the United States.)

Additionally, to the extent Plaintiff claims the depravation of his property was a random

and unauthorized deprivation, Plaintiff's claim is barred by the *Parratt/Hudson Doctrine*. This doctrine states that a random and unauthorized deprivation of property does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. *Parratt,* 451 U.S. at 543-44 and *Hudson v. Palmer,* 468 U.S. 517 (1984); *see also Caine v. Hardy,* 943 F.2d 1406, 1412 (5th Cir.1991).

The Texas state administrative and judicial systems provide an adequate state post-deprivation remedy for prisoners challenging the taking of their property. *See* TEX. GOV. CODE ANN. §§ 501.007, 501.008; *see also Murphy v. Collins,* 26 F.3d 541, 543–44 (5th Cir. 1994). Consequently, the appropriate forum for the plaintiff's claims would lie in state court or in the administrative procedures of TDCJ–CID rather than federal court.

## IV.

The Court recommends that the complaint be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 5th day of December, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).